The Honorable Don R. House State Representative P.O. Box 505 Walnut Ridge, AR 72476-0505
Dear Representative House:
You have presented the following question for my opinion:
 When an Arkansas agency/commission, i.e., the Arkansas Water Well Construction Commission (AWWCC), is "housed" by another agency/commission, the Arkansas Soil and Water Conservation Commission (ASWCC), does the "housing" agency/commission have the authority, by virtue of being the housing agency/commission, to provide all operating funds and employees/staff, and use those Soil and Water Conservation commission funds and employees/staff to enforce the rules and regulations of the "housed" agency/commission?
RESPONSE
The answer to this question is not clear under Arkansas law. Although the law does expressly provide for some use of the resources of the housing agency for the benefit of the Arkansas Water Well Construction Commission (AWWCC), it does not clearly establish the extent to which such use is permissible. The General Assembly should clarify this issue.
Two uses of the ASWCC's resources are expressly provided for by state law: (1) ASWCC's office space; and (2) an ASWCC employee to serve as the AWWCC's executive secretary.
The set of statutes that governs the AWWCC includes the following provision concerning office space:
 The office of one (1) of the agencies represented on the Commission on Water Well Construction may be designated by the commission to house the office of the commission.
A.C.A. § 17-50-203.
The Arkansas Soil and Water Conservation Commission (ASWCC) is one of the agencies represented on the AWWCC. A.C.A. § 17-50-201(b)(2). It therefore clearly may use some of its office space to house the AWWCC.
The provision concerning the executive secretary states:
The Commission on Water Well Construction shall:
 (1) Employ an executive secretary who, with the approval of the agency housing the commission's office, may be an employee of the agency; and
 (2) Hire such other employees and contract for such legal and engineering services as may be necessary to perform its powers and duties under the provisions of this chapter and fix their salaries within such limitations as may be provided by law.
A.C.A. § 17-50-202.
Under the above quoted provisions, it is clear that the AWWCC's executive secretary may be an employee of the ASWCC. It is also clear that the ASWCC may use some of its office space for the AWWCC. It is not clear whether other employees of the ASWCC in addition to the executive secretary may work for the AWWCC. It is also not clear how much office space it may use for AWWCC's purposes. Finally, it is not clear whether any other resources of the ASWCC beyond those expressly stated may be used for the benefit of the AWWCC, or if some may be used, the extent to which they may be used.
One other matter is clear, however. The AWWCC is required to fund at least some of its operations through the use of fees, penalties, and other payments that it is authorized to collect. This directive is stated in A.C.A. § 17-50-206 as follows:
 All fees, civil penalties, or payments of any type collected by the Commission on Water Well Construction under this chapter shall be deposited in one (1) or more banks qualifying for the deposit of public funds to be used by the commission for the proper administration of this chapter. The deposits shall be audited under the rules and regulations prescribed by the Department of Finance and Administration.
A.C.A. § 17-50-206.
This provision indicates that it would be inappropriate for the ASWCC to provide "all" operating funds for the AWWCC.
A possible source for determining the extent to which the ASWCC's resources may be used for the benefit of the AWWCC are the ASWCC's various appropriations. In the 2003 legislative session, fourteen appropriation acts for the ASWCC to be used for various projects were enacted. See Acts 2003, Nos. 1680, 1679, 1208, 1126, 879, 787, 696, 643, 489, 457, 249, 234, 153, 71. None of these appropriation acts for the ASWCC specifically mentions the AWWCC. However, it is unclear whether the AWWCC is involved in some of the projects for which the funds were appropriated.
I am unable to draw any definitive conclusions concerning the extent to which the ASWCC may fund and otherwise assist the AWWCC in its operations, other than the conclusions that are dictated by the specific provisions of state law discussed above concerning office space, the executive secretary, and the AWWCC's use of collected monies. This is a matter that should be clarified by the General Assembly.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General